UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOARD OF TRUSTEES, NECA-IBEW
756 PENSION FUND,

    Plaintiff,

vs.                                                             Case No. 3:13-cv-878-J-32MCR

STIRLING & ASSOCIATES OF FLAGLER,
INC., a/k/a Stirling & Associates, and KIPP
GARDNER, an individual, d/b/a Stirling &
Associates of Flagler, Inc. a/k/a Stirling &
Associates,

    Defendants.
_____/

## ORDER

    **THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Default Judgment (Doc. 15) filed December 6, 2013. Defendants' responses to this Motion were due October 28, 2013. To date, no response has been filed.

    Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," a default may be entered. Here, the Clerk entered default against Defendants Stirling & Associates of Flagler, Inc. and Kipp Gardner on September 5, 2013. (Doc. 8).

    Pursuant to Rule 55(b), a default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986). While all well-pleaded allegations of fact

are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (U.S. 2007).

However, although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Twombly, 550 U.S. at 555 (citations omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)   Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered.  See

Nishimatsu, 515 F.2d at 1206.

Furthermore, Rule 8 provides "[i]f a responsive pleading is not required, an allegation is considered denied or avoided." Fed. R. Civ. P. 8(b)(6). "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir. 2010). In lieu of this, the Court must exercise extreme caution prior to entering a default judgment against a defendant.

In this case, Plaintiff brought an action against Kipp Gardner and Stirling & Associates. (Doc. 1). Plaintiff alleged Defendants violated ERISA § 515 when Defendants failed or refused to abide by the terms and conditions of the Trust Agreement (Doc 1-1). Plaintiff alleged Kipp Gardner is the president, director and registered agent of Stirling & Associates. (Doc. 1). Plaintiff also alleged Stirling & Associates dissolved in September 2010 and that Kipp Gardner continued to operate the dissolved corporation individually, and as Stirling & Associates. Id.

ERISA § 502 provides "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity . . . ." 29 U.S.C. 1132(d)(2). Here, Plaintiff brought suit against Defendant Kipp Gardner as an individual. The Court is left to assume Defendant Kipp Gardner is liable as an individual simply because he allegedly continued to operate the business after the corporation dissolved. If the Court is left to deem Plaintiff's allegations against Defendant Kipp Gardner as true, the Court must be relieved "above the speculative level" that he is liable as an individual for money

damages under ERISA.  See Twombly, 550 U.S. at 555.  The fact that a defendant does not respond does not excuse the Court from ensuring justice.  See Am. Cyanamid Co. v. Page, 66 F.R.D. 143, 145 (D.S.C. 1975).  "In deciding whether an entry of default shall be made by order of Court, a sound discretion will be exercised." Brown v. Weschler, 135 F. Supp. 622, 624 (D.D.C 1955).

Therefore, before the Court can make a decision for default judgment as to Defendant Kipp Gardner, Plaintiff must explain how Defendant Kipp Gardner is liable in his individual capacity under ERISA.  Plaintiff is directed to file a brief, citing persuasive authority, explaining how Defendant Kipp Gardner can be held liable as an individual for any money judgment under ERISA.

Accordingly, after due consideration, it is

**ORDERED:**

The Plaintiff's Amended Motion for Default Judgment (Doc. 15) is **DENIED without prejudice**.  Plaintiff is directed to file a brief with the Court **by January 28, 2014**.

**DONE** and **ORDERED** in Jacksonville, Florida this 13th day of January, 2014.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record