**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BOARD OF TRUSTEES, NECA-IBEW
756 PENSION FUND,

    Plaintiff,

vs.                                                Case No. 3:13-cv-878-J-32MCR

STIRLING & ASSOCIATES OF FLAGLER,
INC., a/k/a Stirling & Associates, and KIPP
GARDNER, an individual, d/b/a Stirling &
Associates of Flagler, Inc. a/k/a Stirling &
Associates,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion for Default Judgment (Doc. 15) filed December 6, 2013 and Plaintiff's Brief in Support of its Motion for Default Judgment Against Kipp Gardner (Doc. 23) filed January 28, 2014. The Court will construe Plaintiff's brief as an addendum to the Motion. In the Motion, Plaintiff seeks entry of default judgment against Defendants Stirling & Associates of Flagler, Inc. and Kipp Gardner. To date, Defendants have failed to file a response and the time for doing so has passed. Accordingly, the Motion is ripe for review.

**I.    BACKGROUND**

Plaintiff filed a Complaint (Doc. 1) against Defendants Stirling & Associates of Flagler Inc. ("Stirling & Associates"), Kipp Gardner and Joseph Gardner on July 22, 2013. Plaintiff alleged Defendants violated Employee Retirement Income Security Act §

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

515 (ERISA) when Defendants failed or refused to abide by the terms and conditions of the Trust Agreement (Doc 1-1).  The Trust Agreement provided that Defendants were to prepare and submit monthly payroll reports identifying their electrical unit employees performing work covered by the collective bargaining agreements and their non-bargaining unit employees enrolled pursuant to the other working agreements.  (Id.)  Defendants were to remit the collectively-bargained or other employee benefit plan contributions as negotiated and reflected in the Trust Agreement.  (Id.)   The Complaint alleges Defendants have made some contributions, but not all.  (Id.)   Thus, Plaintiff alleges it has been required to spend money in an effort to remedy Defendants' breach of the Trust Agreement.  (Id.)

The record reveals Defendants Stirling & Associates and Kipp Gardner were properly served on August 6, 2013 (Docs. 5 & 6).  Defendant Joseph Gardner was properly served on August 5, 2013.  (Doc. 4).  On August 29, 2013, Plaintiff filed a Motion for Default against all Defendants for failure to plead or otherwise defend as required by law.  (Doc. 7).  On September 5, 2013, the Clerk entered default against all Defendants.  (Doc. 8).

On September 12, 2013, Defendant Joseph Gardner filed a Motion to Vacate Clerk's Entry of Default stating he should not be involved in this matter because he resigned in 2005.  (Doc. 9).  Defendant Joseph Gardner filed proof of resignation as an exhibit to his motion.  (Id.)   On October 1, 2013, the Court entered an Order directing Plaintiff to respond to Defendant Joseph Gardner's Motion to Vacate Clerk's Entry of Default.  (Doc. 10).  On October 4, 2013, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice as to all claims asserted against Defendant Joseph Gardner.  (Doc. 11). On October 8, 2013, the Court entered an Order dismissing this case without prejudice as to Defendant Joseph Gardner and directing Plaintiff to file pleadings to

move the case forward as to remaining Defendants.  (Doc. 12).

On October 10, 2013, Plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) against Defendants Stirling & Associates and Kipp Gardner.  (Doc. 13).  Plaintiff requested entry of a default judgment by the clerk for liquidated damages totaling $3,860.55, together with court costs of $520.00 for a total of $4,380.55.  (Id.)   Plaintiff also filed an Affidavit in Support of Motion for Final Judgment by Daniel P. Hunt, one of the Trustees of the Board of Trustees of the NECA-IBEW 756 Pension Fund.  (Doc. 13-1).  The affidavit stated Daniel P. Hunt had personal knowledge of the sums owed to the NECA-IBEW 756 Pension Fund, the delinquent contributions and accrued penalties.  (Id.)

On October 30, 2013, the Court entered an Order denying Plaintiff's Motion for Default Judgment without prejudice.  (Doc. 14).  The Court directed Plaintiff to file an affidavit with respect to Defendant Kipp Gardner pursuant to the Servicemembers Civil Relief Act stating whether or not Defendant was in military service.  (Id.)   The Court also directed Plaintiff to provide sufficient information regarding the attorney's fees and costs incurred by Plaintiff in the action.  (Id.)   On December 6, 2013, Plaintiff filed an Amended Motion for Default Judgment and an Affidavit of Non-Military Status as to Defendant Kipp Gardner.  (Doc. 16).  Plaintiff also filed a Motion for Attorney's Fees (Doc. 17), a Memorandum in Support of Motion for Attorney's Fees (Doc. 18) and an Affidavit of Attorney's Fees and Costs (Doc. 19-1).  On December 27, 2013, the Court entered an Order denying Plaintiff's Motion for Attorney's Fees without prejudice and directed Plaintiff to file billing records with the Court.  (Doc. 20).  On January 6, 2014, Plaintiff filed billing records in support of Plaintiff's Motion for Attorney's Fees.  (Doc. 21).

On January 13, 2013, the Court entered an Order denying Plaintiff's Amended Motion for Default Judgment without prejudice.  (Doc. 22).  The Court directed Plaintiff to

file a brief explaining how Defendant Kipp Gardner is liable in his individual capacity under ERISA. (Id.) On January 27, 2014, Plaintiff filed its brief regarding Defendant Kipp Gardner's liability. (Doc. 23).

## II. STANDARD

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment. First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. See Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the court, or in some instances, the clerk, may enter a default judgment against the defendant for not appearing. See Fed. R. Civ. P. 55(b).

The law is well settled that through its default, a defendant "admit[s] [a] plaintiff's well-pleaded allegations of fact . . . ." Nishimatsu Constr. Co. V. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Patray v. Nw. Publ'g., Inc., 931 F. Supp. 865, 869 (S.D. Ga. 1996). However, "a defendant's default does not in itself warrant the court in entering a default judgment." Nishimatsu, 515 F.2d at 1206; see also Patray, 931 F. Supp. at 868 (noting that a motion for default judgment "is not granted as a matter of right, and in fact is judicially disfavored"); Pitts v. Seneca Sports, Inc, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (stating that "[a] motion for default judgment is not granted as a matter of right"). Indeed, a sufficient basis must exist in the pleadings for the judgment entered. See Nishimatsu, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. See also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of

the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment of relief. See Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." Bell Atlantice Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply are not entitled to [an] assumption of truth." Iqbal, 129 S. Ct. At 1949, 1951. Thus, in ruling on a motion for default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. See Nishimatsu, 515 F.2d at 1206.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The jurisdictional section of the Complaint alleges that "[t]his Court has exclusive subject matter jurisdiction over this action under 29 U.S.C. § 1132(e)(1)" and "[t]his is an

action based on Sections 501 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA) and 29 U.S.C. §§ 1145 and 1132.  (Doc. 1, pp. 1-2).

Upon review of these allegations, the undersigned recommends that Plaintiff has sufficiently alleged subject matter jurisdiction.  Under 29 U.S.C. § 1132, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in [29 U.S.C. § 1021] . . . ." 29 U.S.C. § 1132(e)(1).  This action is clearly covered by 29 U.S.C. § 1132 because it arises under the ERISA.  (See Doc. 1, pp. 2-4).  Pursuant to the ERISA, a civil action may be brought, *inter alia*, "by a participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of . . . the plan." 29 U.S.C. 1132(a)(3).[2]  Plaintiff has established it is a fiduciary pursuant to 29 U.S.C. § 1002 which provides a fiduciary includes any administrator, officer, trustee, or custodian. 29 U.S.C. § 1002(14).   In the instant case, Plaintiff serves as the Board of Trustees. (See Doc. 1, p. 2).

### B.     Claim for Which Relief May be Granted

As addressed in the background section of this Report and Recommendation, Plaintiff alleged Defendants violated Section 515 of ERISA, 29 U.S.C. §1145, by failing or refusing to abide by the terms and conditions of the Trust Agreement.  (See Doc. 1). Section 515 of ERISA provides:

> Every employer who is obligated to make contributions to a

---

[2]The undersigned also recommends that Plaintiff has sufficiently alleged that venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). The Complaint alleges, in relevant part, that Defendants' principal place of business is located in Bunnell, Florida, and Plaintiff serves as board of trustees and as fiduciary of the Plan which is administered in Jacksonville, Florida.  (Doc. 1, p. 3).

> multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Plaintiff is a pension plan qualified under Section 401(a) of the Internal Revenue Code of 1986.  (Doc. 1, p. 2).  Plaintiff serves as the Board of Trustees and fiduciary of the NECA-IBEW 756 Pension Fund.  (Id.)  Section 502 of ERISA, 29 U.S.C. 1132(b)(2), provides plans qualified under the Internal Revenue Code, and in the case of a plan qualified under Section 401(a), can maintain actions involving delinquent contributions.

The term "employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and it includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5).  Defendant Stirling & Associates is an employer under this definition as it is a corporation that hired electrical contractors who participated in the plan.  (Doc. 1).  Defendant Kipp Gardner is an employer as he employed electrical contractors after Stirling & Associates dissolved in 2010.  (Doc. 23).  Plaintiff alleges that Defendants have failed or refused to abide by the terms and conditions of the Plan, including those provisions which require timely submission monthly payroll data and remitting the corresponding contributions owed.  (Doc. 1, p. 6).  Because Defendants' actions have resulted in delinquent contributions, Plaintiff is entitled to recover on behalf of the Plan.   Therefore, the Court finds Plaintiff's allegations, which are deemed admitted as matter of law, are sufficient to establish liability under Section 515 of ERISA. Defendants Stirling & Associates and Kipp Gardner have not made an appearance or filed any motions in response to Plaintiff's Complaint.  Thus, the Court finds Plaintiff's request for default judgment appropriate.

**B.      Amount of Damages**

Having found Plaintiff is entitled to a default judgment, the court then conducts an inquiry to ascertain the amount of damages. Arista Records. Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003).

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b). In making this determination, the court may rely upon affidavits or documentary evidence to establish the proper amount of damages. Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26 (D.D.C. 2002). As Plaintiff has submitted an affidavit in support of its damages (Doc. 13-1), the Court need not conduct an evidentiary hearing. See Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) ("As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985); Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

In light of the agreement, Plaintiff filed an Affidavit (Doc. 1-2) providing penalties in the form of damages. The affidavit provides penalties assessed from March 2012 to April 2013 . (Id.) Based on the affidavit, the Court finds Plaintiff is entitled to his request for liquidated damages totaling $3,860.55, together with court costs of $620.00, for a total of $4,480.55.

**C.      Attorney's Fees and Costs**

In addition to damages, Plaintiff is entitled to collect attorney's fees and costs as an award in favorable actions involving delinquent contributions. See 29 U.S.C. 1132(g)(2)(D). Plaintiff filed a Motion for Attorney's Fees (Doc. 17) on December 6, 2013. Plaintiff also filed an Affidavit of Billing Records (Doc. 21) to support his claim for attorney's fees on January 6, 2014.

In the Eleventh Circuit, attorney's fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Florida Supreme Court has also adopted the lodestar approach for the computation of reasonable attorney's fees. See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)). A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary. Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)). As the Eleventh Circuit noted:

> The Court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonably and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

In Plaintiff's Affidavit of Billing Records (Doc. 21) and Affidavit of Attorney's Fees and Costs (Doc. 19-1), counsel sets forth basis for computing attorney's fees. Counsel notes that because of Defendants' multiple delinquent contributions, it took more time to

account for amounts owed. (Doc. 19-1). Upon review of the affidavits submitted, the undersigned finds the number of hours billed by each attorney is not excessive, the number of hours spent were reasonably expended on this matter, and the hourly billing rates were also reasonable given the skill, experience, and reputation of Plaintiff's attorneys and the prevailing market rates for this type of legal work. Therefore, under the Eleventh Circuit's lodestar calculation, Plaintiff should be granted an award of attorney's fees in the amount of $14,596.34.

Accordingly, after due consideration, it is

**RECOMMENDED**:

1. Plaintiff's Amended Motion for Default Judgment (Doc. 15) be **GRANTED.**
2. The Clerk be directed to enter final judgment in Plaintiff's favor in the total amount of Nineteen Thousand and Seventy-Six Dollars and Eighty-Nine Cents ($19,076.89).

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this 5th day of February, 2014.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record